Donald K. McLean, AKSB No. 0403006
BAUER MOYNIHAN & JOHNSON LLP
2101 4TH Avenue - 24th Floor
Seattle, WA 98121
Telephone: (206) 443-3400
Facsimile: (206) 448-9076

Attorneys for Navigators Insurance Company and Liberty Mutual Insurance Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Navigators Insurance Company; a New York Corporation; Liberty Mutual Insurance Company, a Massachusetts Corporation<br><br>Plaintiffs,<br><br>v.<br><br>Henry Brandal, an Alaskan citizen; TRIDENT SEAFOODS CORPORATION, a Washington Corporation<br><br>Defendant. | NO.<br><br>IN ADMIRALTY |

**COMLAINT FOR INTERPLEADER RELIEF**

COMES NOW Plaintiffs Navigators Insurance Company and Liberty Mutual Insurance Company (collectively "Underwriters") and hereby file their claim for Interpleader Relief in this matter against the Defendants, Henry Brandal and Trident Seafoods Corporation. Underwriters brings this claim for Interpleader Relief pursuant to Fed R. Civ. P. Rule 22, and respectfully state as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter because it involves the rights and obligation to parties under a contract of marine insurance and, therefore, falls within the admiralty jurisdiction of this court as provided by 28 U.S.C. § 1333.

*Interpleader Complaint*
*Navigators Insurance Co. v. Brandal*
CASE NO.
PAGE 1 - 4

2. Venue is proper pursuant to 28 U.S.C. § 1397 as the insured, Henry Brandal ("Brandal"), was domiciled and operated his insured vessel in this state, district and division of Federal Court when the loss occurred, the payment for which is the subject of this dispute.

## FACTUAL BACKGROUND

3. Brandal was and is the owner of F/V CHIGNIK ROSE;

4. Underwriters were and are the insurers of the CHIGNIK ROSE under policy KP513-19/20 between July 1, 2019 and July 1, 2020. A copy of the insurance policy is attached hereto as Exhibit A.

5. Brandal was the assured on the policy.

6. Trident Seafoods Corporation ("Trident') was and is the loss payee on the policy.

7. The loss payee provision provides that in the case of loss, payments should be made to "Assured and/or Trident Seafoods."

8. On July 10, 2019, the CHIGNIK ROSE sustained genset damage.

9. On June 10, 2020, the CHIGNIK ROSE sustained a main engine failure.

10. Underwriters were not provided notice of the losses until June 20, 2020.

11. In order to make a determination as to the cause of the failure of the main engine loss, Underwriters needed to fly a mechanic to Chignik. Unbeknownst to Underwriters, and without prior approval, the mechanic repaired the engine for Underwriters account and without application of the deductible.

12. The surveyor appointed to determine the cause of the genset failure was unable to do so without further investigation.

13. Underwriters agreed to accepted coverage for the claim without conducting further testing.

14 In return, Brandal and Trident agreed that a total of $38,000 should be paid by Underwriters, which is the estimated cost of repair of the genset less the deductible for the engine claim and generator claim.

*Interpleader Complaint*
*Navigators Insurance Co. v. Brandal*
CASE NO.
PAGE 2 - 4

15. Brandal and Trident, however, cannot agree on who should receive the proceeds of the insurance policy.

16. There are conflicting claims for the proceeds under the policy and Underwriters are unable to determine who is the proper party to receive such proceeds.

17. Despite Brandal's request to not file an interpleader, Underwriters have provided defendants with ample time to resolve their dispute, but it does not appear that resolution is possible. Underwriters claims no title to, or interest in, the proceeds payable under the policy at issue and are ready and willing to pay the proceeds to the person, persons and/or entities entitled to it.

18. Underwriters are ready, willing and hereby offer to deposit immediately with this Court the proceeds under the policy in the amount of $38,000.

19. Underwriters specifically reserves their right to seek attorneys' fees and costs for bringing this interpleader action.

WHEREFORE, Underwriters requests that the Court enter a judgment as follows:

1. Requiring Underwriters to deposit the proceeds of Policy Number KP513-19/20, $38,000 into the Court's registry;

2. Requiring Defendants Brandal and Trident to interplead their rights to the $38,000;

3. Declaring that by paying the $38,000 into the Court's registry, Underwriters obligations under the policy are satisfied and discharging Underwriters from any further liability under said policy;

4. Awarding to Underwriters their costs and attorneys' fees associated with this action from the funds it seeks to interplead.

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

DATED this 28th day of July, 2021.

BAUER MOYNIHAN & JOHNSON LLP

/s/ Donald K. McLean
Donald K. McLean, AKSB No. 0403006
Attorneys for Plaintiffs Navigators Insurance Company and Liberty Mutual Insurance Company
2101 Fourth Avenue, Suite 2400
Seattle, Washington 98121
Telephone: (206) 443-3400
Fax: (206) 448-9076
E-Mail: dkmclean@bmjlaw.com

ATTORNEYS AT LAW
BAUER MOYNIHAN & JOHNSON LLP
2101 FOURTH AVENUE
SUITE 2400
SEATTLE, WA 98121
(206) 443-3400
FAX (206) 448-9076

*Interpleader Complaint*
*Navigators Insurance Co. v. Brandal*
CASE NO.
PAGE 4 - 4